1 | David Halberstadter (CA 107033)
david.halberstadter@kattenlaw.com
2 | James E. Payer (CA 292158)
james.payer@kattenlaw.com
3 | KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
4 | Los Angeles, CA 90067-3012
Telephone:  310.788.4400
5 | Facsimile:  310.788.4471

6 | Attorneys for Defendants
DAVID WARREN AND TERRENCE
7 | VANCE GILLIAM

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | FRANCO FASOLI (A/K/A "JAZ"), ) Case No. 2:15-cv-00889-R (JEM)
an individual; NICOLAS )
12 | SANTIAGO ROMERO ESCALADA ) Hon. Manuel L. Real
(A/K/A "EVER"), an individual; and )
13 | DEREK SHAMUS MEHAFFEY ) **NOTICE OF MOTION AND**
(A/K/A "OTHER"), an individual, ) **MOTION BY DEFENDANTS**
14 | ) **DAVID WARREN AND TERRENCE**
Plaintiffs, ) **VANCE GILLIAM TO DISMISS**
15 | ) **PLAINTIFFS' COMPLAINT;**
v. ) **MEMORANDUM OF POINTS AND**
16 | ) **AUTHORITIES IN SUPPORT**
VOLTAGE PICTURES, LLC, a ) **THEREOF**
17 | California limited liability company; )
THE ZANUCK CO. doing business ) [Fed. R. Civ. P. 12 (b)(2)]
18 | as ZANUCK INDEPENDENT, a )
California corporation; MEDIAPRO ) Date: May 4, 2015
19 | PICTURES, a Romanian company; ) Time: 10:00 a.m.
WELL GO USA INC., a Texas ) Courtroom: 8
20 | corporation; AMPLIFY )
RELEASING, a New York ) [*Declarations of David Warren and*
21 | Corporation; DAVID WARREN, an ) *Terrence Vance Gilliam filed*
individual; TERENCE VANCE ) *concurrently herewith*]
22 | GILLIAM, an individual; and DOES )
1-10, )
23 | )
Defendants. )
24 | _____ )

25

26

27

28

1

**MOTION TO DISMISS**

US_102439721v2_385992-00001 3/25/2015 7:37 PM

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 4, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Manuel L. Real, in Courtroom 8 of the United States District Court, Central District of California, located at 312 North Spring Street, Los Angeles, California 90012, defendants David Warren and Terrence Vance Gilliam (the "Moving Defendants") will, and hereby do, move for an order dismissing the Complaint filed by Plaintiffs Franco Fasoli, Santiago Romero Escalada and Derek Shamus Mehaffey ("Plaintiffs"). This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground that Moving Defendants lack sufficient minimum contacts with the State of California for this Court to assert personal jurisdiction over them in this action.

Despite this Court's waiver of Local Rule 7-3 in connection with dispositive motions, Moving Defendants' counsel invited Plaintiffs' counsel to discuss the grounds for this Motion. Plaintiffs' counsel considered such a meeting unnecessary.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently-filed declarations of David Warren and Terrence Vance Gilliam, such additional matters of which the Court may or must take judicial notice, and such further argument or evidence as may properly be presented to this Court at or before the hearing on this Motion.

Respectfully submitted,

Dated: March 30, 2015          **KATTEN MUCHIN ROSENMAN LLP**


By:    /s/David Halberstadter
       David Halberstadter
       Attorneys for Defendants
       DAVID WARREN and TERRENCE
       VANCE GILLIAM

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

1

US_102439721v2_385992-00001 3/25/2015 7:37 PM

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs, two of whom are residents of Argentina and one of whom is a Canadian citizen residing in California, filed this action against a group of defendants including United Kingdom residents David Warren ("Warren") and Terrence Vance Gilliam ("Gilliam") (the "Moving Defendants"), based on allegations that the motion picture *The Zero Theorem* (the "Picture") misappropriated copyright-protected elements of a mural created by the Plaintiffs in Buenos Aires, Argentina.   Warren is the credited Production Designer of the Picture; Gilliam is the credited Director of the Picture. However, Warren and Gilliam have no contacts with the State of California, much less the minimum contacts necessary for this Court to exercise personal jurisdiction over them.   For the reasons explained in greater detail below, the Complaint should be dismissed as to both individuals.

### II.   STATEMENT OF FACTS

#### A.   Plaintiffs' Allegations

Plaintiffs purport to be professional artists.   (Complaint, ¶¶ 1-3.) Plaintiffs allege that they collaborated to create a "large-scale painted mural [] in 2010 and on permanent public display on Fitz Roy Street in Buenos Aires, Argentina" (the "Mural").   (*Id.* at ¶¶ 2, 21.)   Plaintiffs claim to have subsequently registered a copyright for the Mural under the laws of Argentina on or around November 15, 2013 (the "Copyright").   (*Id.* at ¶¶ 2, 22, 51.)

Plaintiffs allege that the Picture infringes Plaintiffs' intellectual property in the Mural because a segment of the Picture's set design features a mural that Plaintiffs claim is substantially similar to the Mural.   (*Id.* at ¶¶ 27-28, 52-53.) Plaintiffs named Warren as a defendant because of his role as the production designer, asserting that it was his decision to utilize elements of the Mural in the Picture's set design.   Plaintiffs named Gilliam as an individual defendant

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1 because of his role as the director of the Picture, asserting that he allegedly

2 came up with the idea to copy the Mural. (*Id.* at ¶¶ 42, 46.)

### B.     Moving Defendants Have No Direct Contact With California

4 Warren is a citizen and resident of the United Kingdom. (Declaration of

5 David Warren ("Warren Decl."), ¶ 3.) Gilliam is a resident and naturalized

6 citizen of the United Kingdom. (Declaration of Terrence Vance Gilliam

7 ("Gilliam Decl."), ¶¶ 3, 4.) Nearly all of the services that Warren and Gilliam

8 rendered in connection with the Picture were performed in Romania, where the

9 Picture was filmed, except for certain pre-production and post-production

10 services, which were performed in the United Kingdom. (Warren Decl., ¶ 6;

11 Gilliam Decl., ¶ 7.) Neither Gilliam nor Warren performed any work on the

12 Picture in the State of California or, for that matter, anywhere in the United

13 States. (*Id.*)

## III.   THIS COURT LACKS PERSONAL JURISDICTION OVER
## MOVING DEFENDANTS.

16 Dismissal under Federal Rule of Civil Procedure 12(b)(2) is proper where

17 the court lacks personal jurisdiction over a nonresident defendant. Because

18 California's "long arm" statute (Cal. Civ. Proc. Code § 410.10) "is coextensive

19 with federal due process requirements, the jurisdictional analyses under state

20 law and federal due process are the same." *Schwarzenegger v. Fred Martin*

21 *Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A court may only exercise

22 jurisdiction over a defendant who has "minimum contacts" with the forum

23 state, such that the suit "does not offend traditional notions of fair play and

24 substantial justice." *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102,

25 109 (1987) (quotations omitted).

26 "It is the plaintiff's burden to establish the court's personal jurisdiction

27 over a defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

28 To meet this burden, the plaintiff must make a prima facie showing that either

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1  (a) a defendant has "substantial, continuous and systematic" contacts with the

2  forum sufficient to give rise to general personal jurisdiction or (b) a defendant's

3  "less than substantial contacts with the forum give rise to the cause of action

4  before the court" so as to subject the defendant to specific personal jurisdiction.

5  *Id.* at 923.

6      On a motion to dismiss for lack of personal jurisdiction, plaintiffs may

7  not rest on their pleadings but "are obligated to come forward with facts, by

8  affidavit or otherwise, supporting jurisdiction." *Scott v. Breeland*, 792 F. 2d

9  925, 927 (9th Cir. 1986) (citations omitted).

10     **A.    Moving Defendants Are Not Subject To General Personal**

11            **Jurisdiction.**

12     General personal jurisdiction exists only where the defendant's contacts

13  with California are so "continuous and systematic" as to "render them

14  *essentially at home* in the forum state. *Goodyear Dunlop Tire Ops., S.A. v.*

15  *Brown*, 131 S. Ct. 2846, 2851 (2011) (emphasis added); *see also Perkins v.*

16  *Benguet Consolidated Mining Co.*, 342 U.S. 437, 446 (1952).  "The level of

17  contact with the forum state necessary to establish general jurisdiction is quite

18  high." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990), *rev'd*

19  *on other grounds*, 499 U.S. 585 (1991); *Bancroft & Masters, Inc. v. Augusta*

20  *Nat. Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000*) holding modified by Yahoo! Inc.*

21  *v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir.

22  2006).  Factors to consider in determining whether contacts with the forum are

23  "substantial, continuous and systematic" include the place of business, license

24  to conduct business, maintenance of an office, presence of employees, use of

25  bank accounts, and marketing or selling of products in the forum state.

26  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-18

27  (1984); *Bancroft*, 223 F.3d at 1086.

28

**Katten**
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1    Moving Defendants are residents and citizens of the United Kingdom

2   who do not have "substantial, continuous and systematic" contacts with

3   California.   Warren has never been a resident of, or lived in, the State of

4   California. (Warren Decl., ¶ 3.)  In fact, he has only visited the state twice, in

5   1997 and 2010.  (*Id.* at ¶ 4.)   Further, Warren does not personally solicit

6   business in California, he has no bank accounts or mailing addresses in

7   California, he has never filed a California state tax return or paid taxes in

8   California and, other than his talent agent who is based out of Los Angeles,

9   Warren does not employ anyone within the State of California. (*Id.* at ¶¶ 3, 5.)

10   Similarly, Gilliam is not a resident of the State of California, he owns no

11   property in California, he is not employed in California, and he does not

12   employ anyone within the State of California other than his entertainment

13   attorney.   (Gilliam Decl., ¶¶ 4, 6.)   Additionally, Gilliam has no mailing

14   address in California, he has no bank accounts in California, and he has only

15   visited the State of California occasionally over the past 10 years to visit his

16   mother, who resided in California until her death, and in connection with

17   retrospective screenings or premieres of a couple of his films.  (*Id.* at ¶ 5.)

18   Neither of the Moving Defendants derive substantial revenue from goods used

19   or consumer, or services rendered, in California.  (Warren Decl., ¶ 3; Gilliam

20   Decl., ¶ 4.)[1]   Accordingly, Moving Defendants have no direct contacts with

21   California, much less the "substantial, continuous and systematic contact"

22

---

[1]     Plaintiffs' only allegations of Moving Defendants' supposed contacts with the California are (i) an incorrect claim that Warren owns a residence in Beverly Hills, California and (ii) irrelevant assertions that the talent agencies representing Warren and Gilliam, respectively, are located in California. (Complaint, ¶¶ 9-10.)  In reality, Warren does *not* own real property in California (Warren Decl., ¶ 3.) and the location of an individual's agent or other representative is an insufficient basis for finding general personal jurisdiction. *See, e.g., Scott v. Breeland*, 792 F.2d 925, 928 (9th Cir. 1986) (court cannot exercise general personal jurisdiction over a musician merely due to his distributing agents' contacts in a given state).

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

**MOTION TO DISMISS**
US_102439721v2_385992-00001 3/25/2015 7:37 PM

1  required for exercise of general personal jurisdiction over them.  *Perkins*, 342

2  U.S. at 446; *Bancroft*, 223 F.3d at 1086; *Helicopteros Nacionales*, 466 U.S. at

3  418.

4    **B.    Moving Defendants Are Not Subject To Specific Personal**

5       **Jurisdiction.**

6    In analyzing whether specific personal jurisdiction exists over a

7  nonresident defendant, the Ninth Circuit applies a three part test:

8    (1)    The nonresident defendant must do some act or

9       consummate some transaction within the forum or perform some

10      act by which it purposefully avails itself of the privilege of

11      conducting activities in the forum, thereby invoking the benefits

12      and protections of its laws.

13   (2)    The claim must be one which arises out of or results from

14      the defendant's forum-related activities.

15   (3)    Exercise of jurisdiction must be reasonable.

16 *Doe*, 248 F.3d at 923; *Schwarzenegger*, 374 F. 3d at 802.  The plaintiff carries

17 the burden on the first two prongs:  "[i]f the plaintiff fails to satisfy either of

18 these prongs, personal jurisdiction is not established in the forum state.

19 *Schwarzenegger*, 374 F.3d at 802; *see also Boschetto v. Hansing*, 539 F.3d

20 1011, 1016 (9th Cir. 2008).  If the plaintiff satisfies the first two prongs, the

21 burden shifts to the defendant to "present a compelling case" that the assertion

22 of jurisdiction would be unreasonable. *Id.*

23   Purposeful availment "requires a finding that the defendant '[has]

24 performed some type of affirmative conduct which allows or promotes the

25 transaction of business within the forum state.'" *Doe*, 248 F.3d at 924 (*citing*

26 *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)).  The "purposeful

27 availment" requirement "ensures that a defendant will not be haled into a

28 jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**MOTION TO DISMISS**
US_102439721v2_385992-00001 3/25/2015 7:37 PM

1   the unilateral activity of another party or a third person." *Burger King Corp. v.*

2   *Rudzewicz*, 471 U.S. 462, 478-79 (1985) (citations and quotations omitted).

3       Given the incontrovertible facts presented by the Warren and Gilliam

4   Declarations, there can be no question that Moving Defendants conducted no

5   activities in this forum by which they would avail themselves of the benefits of

6   the forum, that Plaintiffs claims arise from no forum-related activities by

7   Moving Defendants and, therefore, that Moving Defendants are not subject to

8   specific personal jurisdiction in this forum.  In addition to the details weighing

9   against the exercise of general jurisdiction, the Moving Defendants performed

10   no work on the Picture in the State of California.  Gilliam's work as the

11   credited Director of the picture was primarily performed in Romania, where the

12   Picture was filmed. (Gilliam Decl., ¶ 7.)  The remainder of Gilliam's work,

13   including pre-production and post-production activities, was  completed in the

14   United Kingdom. (*Id.*)  Likewise, Warren, as the credited Production Designer

15   for the Picture, performed most of his work in Romania. (Warren Decl., ¶ 6.)

16   After filming was complete, the remainder of Warren's work was done in the

17   United Kingdom. (*Id.*)  No work on the Picture was performed in California, or

18   anywhere in the United States, by either of the Moving Defendants. (Gilliam

19   Decl., ¶ 7; Warren Decl., ¶ 6.)  Essentially, the Moving Defendants have

20   directed no other specific conduct towards California that would warrant

21   personal jurisdiction.[2]  Moving Defendants have not purposely availed

22

23   [2]    Plaintiffs generally allege that the Picture was marketed and distributed

24   in this forum. (Complaint, ¶¶ 13, 26, 32.)  But Plaintiffs do not allege, and cannot offer evidence, that either Warren or Gilliam had any involvement in the

25   marketing or distribution of the Picture in California. *See Congoleum Corp. v. DLW Atkiengesellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984) (German

26   corporation could not be sued in California for fraud in connection with a licensing agreement in France where its only "contacts" with California were

27   sales and marketing through an independent agent); *Dos Santos v. Telemundo*

28   *Commc'ns Grp., LLC*, No. SACV 12–1373 JVS (MLGx), 2012 WL 9503003, at *6-7 (C.D. Cal. Dec. 19, 2012) (defendants, who produced allegedly infringing

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

**MOTION TO DISMISS**
US_102439721v2_385992-00001 3/25/2015 7:37 PM

1  themselves of the privilege of conducting business in California and would not

2  reasonably expect to be haled into court here.

3       The Ninth Circuit employs a "but for" test to determine whether the

4  second element—that the claim arises out of or results from forum-related

5  activities—is satisfied. *Doe* , 248 F.3d at 924 (*citing Ballard v. Savage*, 65

6  F.3d 1495, 1500 (9th Cir. 1995)). The court considers whether a plaintiff's

7  claims "would have arisen *but for [the defendant's] contacts* with California."

8  *Doe* , 248 F.3d at 924 (emphasis added). Moving Defendants had *no* contacts

9  with California in connection with the Picture; *a fortiori*, Plaintiffs' claims

10  against Moving Defendants did not arise from any such contacts and the "but

11  for" test cannot be satisfied.

12       Finally, in evaluating "reasonableness," courts consider the following

13  factors: the extent of the defendant's purposeful interjection into the forum

14  state; the burden on the defendant in defending in the forum; the plaintiff's

15  interest in convenient and effective relief; the most efficient forum for judicial

16  resolution of the dispute; the forum state's interest in adjudicating the dispute;

17  and the extent of the conflict with the sovereignty of the defendant's state.

18  *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561-62 (9th Cir. 1995).

19  Subjecting the Moving Defendants to specific personal jurisdiction in

20  California would not be reasonable, especially where the Moving Defendants

21  reside and work in the United Kingdom and where their connection with

22  California is virtually nonexistent. Further, California has little, if any, interest

23  in exercising jurisdiction over non-residents that neither conduct nor solicit

24  business in California or over a dispute involving the alleged infringement of a

25  foreign copyright based on facts arising in a foreign country. Finally, the

26  evidence and most of the key witness (including two of the Plaintiffs, both

27

28  television show outside the forum and made no apparent effort to directly target
forum residents, did not purposefully avail themselves of the forum).

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

8
**MOTION TO DISMISS**

1 | Moving Defendants and co-defendants Mediapro Pictures, Well Go USA Inc.

2 | and Amplify Releasing) are located outside of the State of California.

3 | Accordingly, it would be "unreasonable" to subject Moving Defendants to

4 | personal jurisdiction in the forum.

5 |      In summary, Plaintiffs cannot meet their burden of establishing any of the

6 | elements of general or specific personal jurisdiction as to Moving Defendants.

7 | It therefore would not be appropriate – and it would not comport with due

8 | process – for this Court to exercise personal jurisdiction over the Moving

9 | Defendants.

10 | **IV.   CONCLUSION**

11 |      For the foregoing reasons, Moving Defendants respectfully urge that the

12 | Court dismiss the Complaint as to them based on lack of personal jurisdiction.

13 |                                       Respectfully submitted,

14 | Dated: March 30, 2015          **KATTEN MUCHIN ROSENMAN LLP**

15 |

16 |                                    By:__/s/David Halberstadter_____

17 |                                      David Halberstadter
                                   Attorneys for Defendants DAVID
                                   WARREN AND TERENCE VANCE

18 |                                    GILLIAM

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**MOTION TO DISMISS**
US_102439721v2_385992-00001 3/25/2015 7:37 PM